**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| JOHN REAM,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY; JANET YELLEN, in her official capacity as Secretary of the Treasury; ALCOHOL AND TOBACCO TAX AND TRADE BUREAU, UNITED STATES DEPARTMENT OF THE TREASURY; MARY G. RYAN, in her official capacity as Administrator of the Alcohol and Tobacco Tax and Trade Bureau of the United States Department of the Treasury,<br><br>        Defendants. | Civil Action No. 2:24-cv-364 |

**COMPLAINT**

Plaintiff John Ream, by and through undersigned counsel, alleges as follows:

**Nature of the Action**

1.      John Ream wants to engage in a hobby that is as American as apple pie, and certainly a lot older: home distilling.[1] Specifically, Mr. Ream would distill small quantities of whiskey in his own home solely for his and his wife's own personal consumption. Mr. Ream cannot pursue this interest, however, because federal law criminalizes home distilling. It is a bedrock principle of constitutional law that the federal government is one of limited, enumerated powers. None of those powers permits Congress to criminalize distilling alcohol in one's own home for personal consumption. If Congress can prohibit home distilling, it can prohibit home bread baking,

---

[1] *See* Mary Miley Theobald, *When Whiskey Was the King of Drink*, The Colonial Williamsburg Journal (Summer 2008).

sewing, vegetable gardening, and practically anything else. Mr. Ream accordingly brings this action for declaratory and injunctive relief against Congress's unconstitutional incursion into his home affairs.

## Parties

2.      Plaintiff John Ream is an individual who resides in Licking County, Ohio.

3.      Defendant United States Department of the Treasury is an agency of the United States Government headquartered in Washington, D.C.

4.      Defendant Janet Yellen is Secretary of the United States Department of the Treasury.

5.      Defendant Alcohol and Tobacco Tax and Trade Bureau is a bureau of the United States Department of the Treasury headquartered in Washington, D.C.

6.      Defendant Mary G. Ryan is Administrator of the Alcohol and Tobacco Tax and Trade Bureau of the United States Department of the Treasury.

## Jurisdiction and Venue

7.      This Court has jurisdiction over this action under 28 U.S.C. § 1331 because it arises under the Constitution and laws of the United States and 28 U.S.C. § 1346 because the defendants are agencies of the United States or officers thereof acting in their official capacity, and the Court further has jurisdiction to render declaratory relief under 28 U.S.C. § 2201.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) because the plaintiff resides in this district and the actions that are the subject of this complaint were taken, at least in material part, in this district.

**Factual and Legal Background**

*The Federal Home Distilling Prohibition*

9.       Federal law prohibits individuals from distilling alcohol in their own homes, even if solely for their own personal consumption.

10.       Specifically, 26 U.S.C. § 5601(a)(6) imposes criminal penalties on any person who "uses, or possesses with intent to use, any still, boiler, or other utensil for the purpose of producing distilled spirits … in any dwelling house, or in any shed, yard, or inclosure connected with such dwelling house (except as authorized under section 5178(a)(1)(C))."[2] 26 U.S.C. § 5178(a)(1)(B) further provides that "[n]o distilled spirits plant for the production of distilled spirits shall be located in any dwelling house," which precludes the Secretary from granting an application for the required license to operate as a distiller under 26 U.S.C. § 5171. Collectively, this complaint will refer to these provisions as the "federal home distilling prohibition." Penalties for violation of these provisions are fines up to $10,000 or imprisonment of not more than five years, or both, for each offense. 26 U.S.C. § 5601.

11.       In a 2008 rulemaking, the Department of the Treasury stated that, in light of these provisions, "[a] person may not produce distilled spirits at home for personal use." 27 C.F.R. § 19.51. Treasury added this provision because "[f]requently, TTB receives questions from the general public asking whether the law allows for the production of distilled spirits in the home for personal use." 73 Fed. Reg. 26200, 26206 (2008). "Under Federal law (26 U.S.C. 5171), distilled spirits may only be produced at a registered distilled spirits plant," and thus "a person may not distill spirits at home for personal use." *Id.*

---

[2] Section 5178(a)(1)(C) grandfathers in certain non-compliant locations not relevant here.

12.     The federal home distilling prohibition contrasts with the treatment of home brewing and home winemaking under federal law. 26 U.S.C. § 5053(e) explicitly authorizes individuals to "produce beer for personal or family use and not for sale" and 26 U.S.C. § 5042(a)(2) does the same for wine.

13.     Pursuant to 26 U.S.C. § 5181, the Department of the Treasury also permits individuals to distill alcohol at home if that alcohol is "used exclusively for fuel use"—for example, farmers can distill ethanol to power their tractors.

14.     The process for distilling alcohol for fuel use is the same as the process for distilling alcohol for beverage use.

*Mr. Ream's Journey from Home Brewer to Brewery Owner*

15.     Mr. Ream was raised in Granville, Ohio, and graduated from the University of Cincinnati with a degree in aerospace engineering. After college, Mr. Ream worked for Boeing in Seattle, until his life took an unexpected turn.

16.     Mr. Ream's now-wife, Kristin Ream, gave him a home brewing kit after the couple became engaged. According to Mr. Ream, he "just dove into it. Brewing was the perfect combination of art and science, and my engineering brain just totally latched onto it."

17.     While the first few batches he made were admittedly "not the best," his brewing talent and techniques improved through trial and error and continuous experimentation. During his time home brewing, Mr. Ream used his engineering background to improve the quality of his beer and the efficiency of the process to the point where he was creating subtle, interesting, and varied types of beer that he believed were competitive with the highest quality craft brews on the market.

18.     After home brewing for nine years, Mr. Ream developed an "entrepreneurial itch" and ultimately wanted to own his own business—his family's American Dream. Mr. Ream

4

eventually decided he could either "keep taking about it, or else actually do something about it." And he determined that "if home is where the heart is, it should be where the beer is too."

19.     He returned home to Ohio in order to launch a family-owned business, Trek Brewing Company ("Trek"), which he and Kristin founded together in 2017 and opened to the public in 2018 as a brewery and taproom, serving beer and food. The name was inspired by their mutual passion for the outdoors, and, as Mr. Ream explained, "[s]tarting the brewery is the next step on our adventure. It's our journey, our trek."

20.     Mr. Ream manages brewhouse and business operations for Trek.

21.     As Mr. Ream tells it, "[a] big part of why I decided to start Trek Brewing Company was to be a vehicle for good in the world." Trek's website states that "Trek strives to be the 'third space' in your life"—the "ultimate community gathering place"—after home and work. Trek hosts different nonprofits each week through its "Trek Together" program, donating 10 percent of its taproom sales to the nonprofits and giving them a platform to highlight their missions. Through the Trek Community Fund, Trek also actively supports local organizations that make the area a better place to live.

22.     Family is also important to Mr. Ream, as he and Kristin have two young sons. Trek strives to be a family-friendly taproom, with a selection of kids' meals, board games, and a "kids' corner" with a chalk wall and toys. Trek hosts family-friendly events, from gingerbread-house building around the holidays and annual organized runs—which also double as a charitable fundraisers—to weekly trivia.

23.     Mr. Ream is proud that, through hard work, he has turned his home-brewing hobby into a community- and family-oriented business that now financially supports his own family and many others, too.

*Mr. Ream's Desire to Home Distill*

24.     Mr. Ream would like to distill small quantities of alcohol in his own home for his own personal consumption. He would engage in home distilling, but for the federal home distilling prohibition.

25.     Mr. Ream would not sell the alcohol he produces from his home distilling or otherwise offer it to the public.

26.     Mr. Ream has never distilled alcohol before, but he would like to apply his engineering background and brewing experience to experiment with home distilling to attempt to master the process, just as he did with brewing. Mr. Ream favors whiskey—specifically, the rye and Bourbon varieties—so he would like to begin with attempting to distill those types of liquors.

27.     Mr. Ream has taken the initial steps that he may lawfully take to pursue his wish to engage in home distilling. Specifically, he has extensively researched and studied the process of distilling and has determined that he is prepared to take every step necessary to responsibly distill small quantities of alcohol in his own home for his own personal consumption, including obtaining the necessary equipment and raw materials.

28.     Mr. Ream would obtain all necessary state and federal licenses for, and pay all applicable taxes on, his home distilling. Mr. Ream would comply with all applicable state and federal laws (but for the federal home distilling prohibition). Mr. Ream has always paid his taxes and never had any dispute with the Internal Revenue Service.

29.     Mr. Ream is prevented from this home distilling because of the federal home distilling prohibition. Mr. Ream will not break the law. But for that prohibition, Mr. Ream would act upon his personal desire to try home distilling.

30.     Mr. Ream fears federal prosecution and severe criminal penalties of up to $10,000 and five years of imprisonment, or both, if he simply builds or acquires a still and/or begins to distill spirits. *See Home Distilling*, Alcohol and Tobacco Tax and Trade Bureau, https://www.ttb.gov/distilled-spirits/penalties-for-illegal-distilling (last updated Dec. 9, 2022) ("Federal law strictly prohibits individuals from producing distilled spirits at home .... Producing distilled spirits at any place other than a TTB-qualified distilled spirits plant can expose you to Federal charges for serious offenses[, including under 5601(a)(1) and 5601(a)(6),] and lead to consequences . . . .").

31.     These fears are not hypothetical. The United States has enforced these provisions. *See e.g., United States v. Smith*, 456 F. App'x 200, 206 (4th Cir. 2011); *United States v. Brookins*, 434 F.2d 41 (5th Cir. 1970); *Pinion v. United States*, 397 F.2d 27 (5th Cir. 1968).

32.     Mr. Ream accordingly brings this action for declaratory and injunctive relief against the federal home distilling prohibition.

## CAUSE OF ACTION

33.     The above paragraphs are hereby incorporated by reference as if set forth fully herein.

34.     The federal home distilling prohibition exceeds Congress's authority under Article I of the Constitution and violates the limitation on Congress's authority set forth in the Tenth Amendment to the Constitution.

35.     The federal home distilling prohibition is beyond Congress's Commerce Clause authority, as supplemented by the Necessary and Proper Clause, because it regulates wholly intrastate activity that has no effect on interstate commerce.

36.     The federal home distilling prohibition is beyond Congress's Taxing Power authority, as supplemented by the Necessary and Proper Clause, because it is neither a necessary nor a proper means of collecting federal taxes on liquor. The prohibition actually *prevents* Mr. Ream from engaging in taxable activity and consequently paying taxes on the same.

37.     Mr. Ream is harmed by the federal home distilling prohibition. Mr. Ream desires to distill small quantities of alcohol in his own home for his and his wife's own personal consumption. But for the prohibition, Mr. Ream would be able to and would do so.

38.     The federal home distilling prohibition is unconstitutional both as a facial matter and as applied to Mr. Ream's desired conduct of distilling small quantities of alcohol at home solely for his and his wife's personal consumption. Application of the federal home distilling prohibition to Mr. Ream accordingly is unconstitutional.

## **Prayer for Relief**

Plaintiff John Ream respectfully asks that this Court enter judgment in his favor and that he be granted the following relief:

A.     Declare that the federal home distilling prohibition exceeds Congress's authority under Article I of the Constitution, violates the Tenth Amendment, and is unconstitutional both on its face and as applied to the plaintiff;

B.     Enjoin defendants from enforcing the federal home distilling prohibition against the plaintiff;

C.     Award the plaintiff his fees and costs related to this action, including reasonable attorneys' fees; and

D.     Grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

/s/ Patrick T. Lewis
PATRICK T. LEWIS (#0078314)
  *Trial Attorney*
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, OH 44114
(216) 861-7096
plewis@bakerlaw.com

ANDREW M. GROSSMAN*
DAVID B. RIVKIN, JR.*
KRISTIN SHAPIRO*
BAKER & HOSTETLER LLP
1050 Connecticut Ave., N.W., Suite 1100
Washington, D.C. 20036
(202) 861-1697
agrossman@bakerlaw.com

DAVID C. TRYON (#0028954)
The Buckeye Institute
88 East Broad Street, Suite 1300
Columbus, OH 43215
(614) 224-4422
d.tryon@buckeyeinstitute.org

*  motion for pro vac vice admission forthcoming

Attorneys for John Ream

9