**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JOHN REAM,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY; JANET YELLEN, in her official capacity as Secretary of the Treasury; ALCOHOL AND TOBACCO TAX AND TRADE BUREAU, UNITED STATES DEPARTMENT OF THE TREASURY; MARY G. RYAN, in her official capacity as Administrator of the Alcohol and Tobacco Tax and Trade Bureau of the United States Department of the Treasury,<br><br>  Defendants. | Civil Action No. 2:24-cv-00364-EAS-CMV |

**Plaintiff's Reply Memorandum In Support of Cross-Motion for Summary Judgment**

ROBERT ALT (#0091753)
The Buckeye Institute
88 East Broad Street, Suite 1300
Columbus, OH 43215
(614) 224-4422
robert@buckeyeinstitute.org

* admitted pro hac vice

PATRICK T. LEWIS (#0078314)
 *Trial Attorney*
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, OH 44114
(216) 861-7096
plewis@bakerlaw.com

ANDREW M. GROSSMAN*
DAVID B. RIVKIN, JR.*
KRISTIN SHAPIRO*
BAKER & HOSTETLER LLP
1050 Connecticut Ave., N.W., Suite 1100
Washington, D.C. 20036
(202) 861-1697
agrossman@bakerlaw.com

*Attorneys for John Ream*

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................................1

ARGUMENT......................................................................................................................................1

    I.     Mr. Ream Has Standing To Challenge the Prohibition.............................................................1

    II.    The Federal Home-Distilling Prohibition Is Unconstitutional...............................................5

         A.   The Prohibition Is Not Justified by Congress's Taxing Power .......................................6

         B.   The Prohibition Is Not Justified by Congress's Commerce Clause Power ...................9

CONCLUSION................................................................................................................................11

**TABLE OF AUTHORITIES**

**Cases:**

*Carman v. Yellen*,
   -- F.4th --, No. 23-5662, 2024 WL 3734429 (6th Cir. Aug. 9, 2024) .............................................2, 3

*FDA v. All. For Hippocratic Med.*,
   602 U.S. 367 (2024) ...............................................................................................................1, 2

*Felsenheld v. United States*,
   186 U.S. 126 (1902) ....................................................................................................................6

*Friends of George's, Inc. v. Mulroy*,
   108 F.4th 431 (6th Cir. 2024) ...................................................................................................3, 4

*Goldstein v. Miller*,
   488 F. Supp. 156 (D. Md. 1980) .................................................................................................6

*Gonzalez v. Raich*,
   545 U.S. 1 (2005) ....................................................................................................................9, 10

*Helvering v. City Bank Farmers Tr. Co.*,
   296 U.S. 85 (1935) ......................................................................................................................6

*Hobby Distillers Ass'n v. Alcohol & Tobacco Tax & Trade Bureau*,
   No. 4:23-CV-1221-P, 2024 WL 3357841 (N.D. Tex. July 10, 2024) ..............................1, 4, 5, 10, 11

*Holder v. Humanitarian L. Project*,
   561 U.S. 1 (2010) ........................................................................................................................5

*Kiser v. Reitz*,
   765 F.3d 601 (6th Cir. 2014) .......................................................................................................5

*License Tax Cases*,
   72 U.S. 462 (1866) ......................................................................................................................8

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992) ....................................................................................................................2

*McCulloch v. Maryland*,
   4 Wheat. 316 (1819) ................................................................................................................6, 8

*N. Pipeline Const. Co. v. Marathon Pipe Line Co.*,
   458 U.S. 50 (1982) ......................................................................................................................9

*NFIB v. Sebelius*,
   567 U.S. 519 (2012) .........................................................................................................2, 8, 9, 11

*Online Merchants Guild v. Cameron*,
   995 F.3d 540 (6th Cir. 2021) ....................................................................................................3, 5

*Peoples Rts. Org., Inc. v. City of Columbus*,
 152 F.3d 522 (6th Cir. 1998) ...................................................................................................2

*Rossi v. United States*,
 289 U.S. 89 (1933)...................................................................................................................4

*Shelby Cnty., Ala. v. Holder*,
 570 U.S. 529 (2013) .................................................................................................................7

*Stilinovic v. United States*,
 336 F.2d 862 (8th Cir. 1964) ...................................................................................................6

*Susan B. Anthony List v. Driehaus*,
 573 U.S. 149 (2014) .................................................................................................................3

*Thomas More L. Ctr. v. Obama*,
 651 F.3d 529 (6th Cir. 2011) ...................................................................................................2

*United States v. Dewitt*,
 76 U.S. 41 (1869) ..................................................................................................................6, 7

*United States v. Goldberg*,
 225 F.2d 180 (8th Cir. 1955) ...................................................................................................6

*United States v. Lopez*,
 514 U.S. 549 (1995) .................................................................................................................4

*United States v. Morrison*,
 529 U.S. 598 (2000) ...........................................................................................................7, 11

*United States v. Rife*,
 33 F.4th 838 (6th Cir. 2022) ..............................................................................................9, 10

*United States v. Thompson*,
 361 F.3d 918 (6th Cir. 2004) ...................................................................................................7

**Constitution and statutes:**

26 U.S.C. § 5601(a)........................................................................................................................4, 7

U.S. Const. Art. I, § 8, cl. 3 ............................................................................................................9

U.S. Const. Art. I, § 8, cl. 18 ..........................................................................................................9

**Miscellaneous:**

TTB, Home Distilling, https://www.ttb.gov/distilled-spirits/penalties-for-illegal-distilling .................5

**INTRODUCTION**

Defendants' opposition to Mr. Ream's cross-motion for summary judgment grasps at straws. As to standing, defendants' position runs headlong into the principle that plaintiffs challenging "[g]overnment regulations that require or forbid some action by the plaintiff almost invariably satisfy both the injury in fact and causation requirements." *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 382 (2024). This describes Mr. Ream's case to a tee: the federal home-distilling prohibition forbids Mr. Ream from home distilling, and that injury would be remedied if he obtains the relief sought in this action. Indeed, Mr. Ream has taken every action he may take up to the one—acquiring a home still— that is subject by statute to criminal punishment. Seeking to avoid this simple and obvious principle, defendants advance a misguided and convoluted standing argument that at one point even speculates that Mr. Ream does not know the layout of his own home.

On the merits, defendants strain to analogize the federal home-distilling prohibition to routine labeling, packaging, and record-keeping requirements that facilitate tax collection. Unlike those provisions, the federal home-distilling prohibition *prohibits* a taxable activity and in no manner is "plainly adapted" to tax collection. And as to the Commerce Clause, defendants brazenly urge the Court to uphold the federal home-distilling prohibition under the Necessary and Proper Clause even though they explicitly refuse to identify a single regulation of interstate commerce in distilled spirits that the prohibition supports. It is no wonder that the only court to have considered the constitutionality of the federal home-distilling prohibition has rejected defendants' arguments and held the prohibition unconstitutional. *See Hobby Distillers Ass'n v. Alcohol & Tobacco Tax & Trade Bureau*, No. 4:23-CV-1221-P, 2024 WL 3357841 (N.D. Tex. July 10, 2024).

**ARGUMENT**

**I.  Mr. Ream Has Standing To Challenge the Prohibition**

The standing inquiry in this case is not difficult. Defendants make little attempt to dispute that Mr. Ream satisfies the "irreducible constitutional minimum" elements of standing because he has an

1

"injury in fact" (a present inability to home distill) with a "causal connection" to the challenged conduct (the inability is due to the prohibition) that is "likely" to be "redressed by a favorable decision" (holding the prohibition invalid will enable him to home distill). *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (quotation marks omitted). Instead, defendants argue that Mr. Ream does not satisfy the special test for standing developed for plaintiffs bringing pre-enforcement challenges to statutes that do not obviously apply to their conduct. That test does not govern where, as here, a statute unambiguously prohibits plaintiffs' conduct and the injury in fact is plaintiffs' resulting inability to engage in that conduct.

**1.** Mr. Ream's present inability to home distill constitutes an injury in fact. Mr. Ream's opening brief cited several cases holding that statutes which require plaintiffs to alter their conduct inflict an injury in fact. *See, e.g., Thomas More L. Ctr. v. Obama*, 651 F.3d 529, 535 (6th Cir. 2011), *abrogated on other grounds by Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519 (2012); *Peoples Rts. Org., Inc. v. City of Columbus*, 152 F.3d 522, 529 (6th Cir. 1998). In such cases, the injury in fact is the "direct regulation" of plaintiffs' conduct and not the possibility of future enforcement. *Carman v. Yellen*, -- F.4th --, No. 23-5662, 2024 WL 3734429, at *13 (6th Cir. Aug. 9, 2024).

Defendants note that these cases involve statutes that impose "affirmative obligations" to do something rather than (as here) a prohibitory obligation to not do something. Mem., ECF 27 at Page ID 206. Defendants claim that "a plaintiff's desire to undertake action prohibited by a statute does not suffice to establish an Article III injury," even though they concede (as they must) that a plaintiff's desire to *not* do something *required* by statute constitutes an Article III injury. *Id.* Defendants offer no support for their illogical distinction between affirmative and prohibitory obligations. Supreme Court precedent does not distinguish between Article III injuries caused by "action or inaction." *Lujan*, 504 U.S. at 562. And the Supreme Court recently explained that plaintiffs challenging "[g]overnment regulations that require *or forbid* some action by the plaintiff almost invariably satisfy both the injury in fact and causation requirements." *All. for Hippocratic Med.*, 602 U.S. at 382 (emphasis added); *Carman*, 2024 WL 3734429, at *13 (same). This is precisely the case here.

2

**2.** Defendants incorrectly argue that Mr. Ream needs to satisfy the test for Article III standing set out in *Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014), and related cases. As Mr. Ream's opening brief explained and defendants do not dispute, those cases all address plaintiffs' standing to challenge statutes that do not obviously apply to their conduct. In such cases, plaintiffs cannot rely on the "direct regulation theory of injury" discussed above, *Carman*, 2024 WL 3734429, at *14, but instead must assert a subjective chilling effect or a threat of future prosecution to establish an injury in fact. The credible-threat standard developed by these cases is designed to ensure that those more nebulous injuries are concrete enough to satisfy Article III.

Defendants argue that, in *Friends of George's, Inc. v. Mulroy*, 108 F.4th 431 (6th Cir. 2024), the "Sixth Circuit recently reaffirmed that the 'injury-in-fact' element of Article III standing '[t]ypically ... requires that the government enforce [an] allegedly unconstitutional law against the challenging party,'" and that otherwise a plaintiff must satisfy "all elements of the credible threat of prosecution standard." Mem., ECF 27 at Page ID 208 (quoting *Friends of George's*, 108 F.4th at 435). Defendants omit the portion of the quotation specifying that an injury "*in this context*" typically requires enforcement or a credible threat of enforcement. *Friends of George's*, 108 F.4th at 435 (emphasis added). And *Friends of George's* provides a good illustration of the "context" in which the credible-threat standard applies: An organization that put on drag shows sought to challenge a Tennessee law prohibiting "adult cabaret entertainment" lacking in "serious literary, artistic, political, or scientific value for a reasonable 17-year-old minor" at certain locations, but the organization itself conceded that its performances had artistic value for minors. *Id.* at 434, 436. In such cases, plaintiffs cannot claim a present injury in fact based on a statutory prohibition of their conduct, as Mr. Ream does, because such a prohibition does not clearly exist.

**3.** Even if the credible-threat standard applied, Mr. Ream satisfies it. First, conduct proscribed by a statute in violation of the Commerce Clause is "affected with a constitutional interest." *Online Merchants Guild v. Cameron*, 995 F.3d 540, 549 (6th Cir. 2021). Defendants note (Mem., ECF 27 at Page ID 208) that *Online Merchants* involved a dormant Commerce Clause claim, but conduct proscribed in violation of the Commerce Clause is affected with a *greater* constitutional interest than

3

conduct proscribed in violation of the dormant Commerce Clause, as the latter constitutional restriction is only implicit. *See United States v. Lopez*, 514 U.S. 549, 552 (1995) (explaining that Commerce Clause "ensure[s] protection of our fundamental liberties" and prevents "tyranny and abuse" (quotation marks omitted)); *see also Hobby Distillers Ass'n*, 2024 WL 3357841, at *4 ("[A] plaintiff need not allege the violation of an articulated right to keep Congress in its lane.").

Second, Mr. Ream has "allege[d] an intention to engage" in home distilling. *Friends of George's*, 108 F.4th at 435 (quotation marks omitted). Mr. Ream has stated under penalty of perjury that: (1) "I would like to … distill[] small quantities of alcohol in my own home"; (2) "I would engage in home distilling but for the federal home-distilling prohibition;" and (3) "I am able and ready to home distill and would home distill if the federal-home distilling prohibition were invalidated." Decl., ECF 20-1 at Page ID 144–45. Defendants fault Mr. Ream for failing to purchase a still that he could not use or applying for a permit that would be denied, but they do not cite a single case suggesting that these futile steps are necessary. *See* Mem., ECF 27 at Page ID 209. The pertinent question is simply whether Mr. Ream has "allege[d] an intention to engage" in proscribed conduct, which he plainly has. *Friends of George's*, 108 F.4th at 435 (quotation marks omitted). In any event, Mr. Ream has taken every possible preparatory step up to the one—purchasing a still—that could subject him to criminal prosecution. Defendants point out (Mem., ECF 27 at Page ID 204) that 26 U.S.C. § 5601(a)(1) only criminalizes possessing an unregistered still that is "set up," but they neglect to mention that 26 U.S.C. § 5601(a)(6) does not contain that limitation. Section 5601(a)(6) criminalizes possession of a still "with intent to use" in a dwelling house—a subjective and vague limitation that offers little assurance, particularly in light of the presumption set out in *Rossi v. United States*, 289 U.S. 89 (1933).

Defendants further argue that Mr. Ream's "failure to provide evidence of where, specifically, he plans to locate his proposed distilling operation … is fatal to his ability to demonstrate a substantial probability that he will actually engage in 'home distilling'" proscribed by statute. Mem., ECF 27 at Page ID 210. But Mr. Ream's testimony states clear as day that he intends to keep a still and distill "in my own home." Decl., ECF 20-1 at Page ID 144. Defendants' claim that it is legal to distill on a "residential property" so long as it is not in a "dwelling house" or a "shed, yard, or inclosure connected

4

with a dwelling house" is therefore irrelevant. Mr. Ream wants to distill *in his home*, and defendants do not and cannot claim that it matters whether the still will be in his kitchen, bedroom, bathroom, or basement.

Defendants claim that Mr. Ream "offers no evidence he has even gathered the information and made the plans that would be necessary to apply for a federal distilled spirits plant permit and registration"—such as "the layout and security of the premises for his proposed distilling operations" and "equipment descriptions"—is even more ridiculous. Mem., ECF 27 at Page ID 209. Mr. Ream has specifically "identified … a 5-gallon copper pot still being sold for approximately $600 that I would purchase for my own use at home." Decl., ECF 20-1 at Page ID 144. And defendants' suggestion that Mr. Ream does not know the layout and security measures *of his own home* fails the straight-face test.

Finally, Mr. Ream has established a "credible threat of prosecution." *Holder v. Humanitarian L. Project*, 561 U.S. 1, 15 (2010). Most significantly, "[t]he Government has not argued … that [Mr. Ream] will not be prosecuted if [he does] what [he says he] wish[es] to do." *Id.* at 16. The Sixth Circuit has explained that a "threat is considered especially substantial when the administrative agency has not disavowed enforcement." *Kiser v. Reitz*, 765 F.3d 601, 609 (6th Cir. 2014) (cleaned up). Defendants had the opportunity to disavow enforcement against Mr. Ream in their filings with this Court and they did not do so. To the contrary, their website warns individuals like Mr. Ream in no uncertain terms that "[p]roducing distilled spirits at any place other than a TTB-qualified distilled spirits plant can expose you to Federal charges for serious offenses." TTB, Home Distilling.[1] Along with defendants' past enforcement actions, this renders Mr. Ream's "fear of prosecution … far from 'imaginary or wholly speculative.'" *Online Merchants Guild*, 995 F.3d at 552 (citation omitted).

## II. The Federal Home-Distilling Prohibition Is Unconstitutional

Defendants' arguments on the merits fare no better. The only court to have considered a challenge to the federal home-distilling prohibition has held that it falls outside Congress's taxing power and Commerce Clause authority. *See Hobby Distillers Ass'n*, 2024 WL 3357841, at *18.

---

[1] *Available at* https://www.ttb.gov/distilled-spirits/penalties-for-illegal-distilling (last visited Aug. 27, 2024).

### A. The Prohibition Is Not Justified by Congress's Taxing Power

The federal home-distilling prohibition is not within Congress's taxing power because it is neither "plainly adapted" nor "appropriate" to execute the federal tax on distilled spirits. *McCulloch v. Maryland*, 4 Wheat. 316, 421 (1819).

**1.** As to "plainly adapted," defendants fail to cite a single case holding that a measure that *prohibits* individuals from engaging in taxable activity is "reasonably calculated to prevent avoidance of a tax." *Helvering v. City Bank Farmers Tr. Co.*, 296 U.S. 85, 90 (1935).

Defendants cite (Mem., ECF 27 at Page ID 215–16) *Felsenheld v. United States*, 186 U.S. 126 (1902); *Stilinovic v. United States*, 336 F.2d 862 (8th Cir. 1964); *United States v. Goldberg*, 225 F.2d 180 (8th Cir. 1955); and *Goldstein v. Miller*, 488 F. Supp. 156 (D. Md. 1980), but all of those cases upheld mundane labeling and packaging requirements that did not prohibit a taxable activity, but instead facilitated the collection of taxes on an activity. The requirements therefore bore a "a reasonable relationship to the collection of revenue." *Stilinovic*, 336 F.2d at 864. Unlike those requirements, the federal home-distilling prohibition does not facilitate the government's tax collection from Mr. Ream's home distilling, such as by requiring him to register his still with Treasury or maintain certain records. Instead, it prohibits him from distilling and paying the resulting taxes on that distilling.

A more analogous case is *United States v. Dewitt*, 76 U.S. 41 (1869), where the Supreme Court invalidated a statute that prohibited persons from producing and selling certain illuminating oils notwithstanding the government's arguments that the prohibition "was in aid and support of the internal revenue tax imposed on other illuminating oils," *id.* at 44. Defendants' only distinction of *Dewitt* is that the federal home-distilling prohibition is justified "not because [it] affect[s] the revenue derived from some other taxable commodity, but rather because [it] facilitate[s] protection of the revenue from the tax on distilled spirits." Mem., ECF 27 at Page ID 216. But, as explained, the federal home-distilling prohibition does not "facilitate" collection of the tax from Mr. Ream any more than a ban on cake facilitates dessert: It prohibits him from home distilling and paying the tax. Defendants speculate that, by prohibiting Mr. Ream and other home distillers from distilling, the federal home-distilling prohibition might increase "revenue from commercially produced spirits." *Id.* Just like *Dewitt*,

6

however, that possibility is simply "too remote and too uncertain" to be considered "plainly adapted" to tax collection. *Dewitt*, 76 U.S. at 44; *see also United States v. Thompson*, 361 F.3d 918, 921, 922 (6th Cir. 2004) (explaining that "it would be difficult to perceive the rationality of [a] statute" that "prevented [an individual] from registering and paying manufacturer or transfer taxes" on certain firearms as a measure in aid of tax collection).

Defendants contend that Congress had a "legitimate concern that locating distilled spirits plants on certain premises allows for easier concealment of stills." Mem., ECF 27 at Page ID 216. Yet defendants concede that the federal home-distilling prohibition "imposes current burdens and must be justified by current needs." *Shelby Cnty., Ala. v. Holder*, 570 U.S. 529, 536 (2013) (quotation marks and citation omitted). Defendants fail to establish that permitting home distilling of small quantities of alcohol for personal consumption would have any effect on "tax revenue from commercially produced spirits," Mem., ECF 27 at Page ID 216, as they claim, much less one that is more than "attenuated," *United States v. Morrison*, 529 U.S. 598, 615 (2000). Mr. Ream's opening brief (Mem., ECF 20 at Page ID 132) stated that "[d]efendants do not and cannot explain how the federal home-distilling prohibition is necessary to prevent 'concealment of stills' that are *registered* with Treasury." In response, defendants vaguely claim that the federal home-distilling prohibition "work[s] together" with the registration requirement and other recordkeeping measures to "protect the revenue on distilled spirits." Mem., ECF 27 at Page ID 218 (quotation marks omitted). Defendants still never explain how the federal-home distilling prohibition is necessary to prevent the "concealment" of stills that are required to be *registered* on pain of severe criminal penalties. 26 U.S.C. § 5601(a)(1) (criminalizing possession of unregistered still).

To the contrary, defendants now claim that distilling on "residential property" is permissible so long as a still is not located in a "dwelling house" or "shed, yard, or inclosure *connected with* a dwelling house." Mem., ECF 27 at Page ID 210. It is unclear what part of a "residential property" might fall outside that description, but presumably it might be something like an outbuilding located some distance from a house on a large rural plot of land. In that case, it is even more difficult to perceive of the federal home-distilling prohibition as "plainly adapted" to tax collection: The prohibition prevents

7

Mr. Ream from distilling in his own home or even openly in his front yard, but it would permit a farmer to operate a still in a hidden backwoods shanty.

    **2.** The federal home-distilling prohibition also is not an "appropriate" means of facilitating tax collection. *McCulloch*, 4 Wheat. at 421. Defendants argue that a measure is "appropriate" so long as it does not "draw within its regulatory scope those who otherwise would be outside of it," and thus any regulation of "distilling activity" is automatically appropriate. Mem., ECF 27 at Page ID 219 (quotation marks omitted). Defendants quote *National Federation of Independent Businesses v. Sebelius*, 567 U.S. 519, 560 (2012), for this proposition, but that decision merely explained why the individual mandate to buy health insurance was not an appropriate means of executing Congress's Commerce Clause power; it did not purport to provide an exhaustive standard. Moreover, defendants' argument cannot be reconciled with the *License Tax Cases*, 72 U.S. 462 (1866), which makes clear that, pursuant to the Necessary and Proper Clause, "Congress cannot authorize a trade or business within a State in order to tax it," *id.* at 471, even though the "regulatory scope" of that authorization would not extend beyond the taxable activity and thus be permissible under the defendants' theory.

    The federal home-distilling prohibition is even less "strictly incidental" to the tax on distilled spirits than the impermissible federal authorization of a taxable activity considered in the *License Tax Cases*. *Id.* at 470–71. There is at least an obvious relationship between authorization of a taxable activity and tax collection, as the federal government cannot collect taxes on an activity that does not occur because it is prohibited. The federal home-distilling prohibition, by contrast, prohibits taxable activity, in addition to exercising "direct control" over "commerce and trade." *Id.*

    If accepted, defendants' argument "would work a substantial expansion of federal authority." *NFIB*, 567 U.S. at 560. Defendants criticize Mr. Ream's "parade of horribles," Mem., ECF 27 at Page ID 217, but they do not and cannot explain why their theory of the taxing power and the Necessary and Proper Clause would not authorize the federal government to prohibit, for example, self-employment as a "reasonable measure[]" to address the potential "concealment" of income by self-employed individuals, *id.* The federal government also could impose a nominal excise tax on baking bread or making clothing and prohibit home bread-baking or home sewing to "address the specific

8

risk of diversion" presented by the "unique aspects of the[se] relevant tax scheme[s]." *Id.* Simply put, "[t]he flaw in [defendants'] analysis is that it provides no limiting principle." *N. Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 73 (1982) (plurality).

### B. The Prohibition Is Not Justified by Congress's Commerce Clause Power

The federal home-distilling prohibition also does not fall within Congress's Commerce Clause authority. U.S. Const. Art. I, § 8, cl. 3. The prohibition itself does not regulate interstate commerce, *see United States v. Rife*, 33 F.4th 838, 842 (6th Cir. 2022) ("commerce" means "trade and transportation thereof, as opposed to activities preceding those things" like "manufacturing and agriculture"), so the question is whether it is a necessary and proper measure to support a congressional regulation of interstate commerce, *see Gonzalez v. Raich*, 545 U.S. 1, 37 (2005) (Scalia, J., concurring) ("Congress may regulate even noneconomic local activity if that regulation is a necessary part of a more general regulation of interstate commerce.").

Defendants hang their hat on *Raich*, but unlike in *Raich*—where the government argued that Congress's prohibition of marijuana cultivation and possession was a necessary component of its prohibition of interstate commerce in marijuana—defendants here flatly refuse to identify *any* regulation of interstate commerce that the federal home-distilling prohibition is necessary to support:

> Plaintiff argues that the Commerce Clause does not provide authority for the challenged provisions because Defendants have failed to identify a 'specific regulation of interstate commerce' that the provisions are "necessary to make effective." (ECF No. 21, PageID 177.) By this, Plaintiff appears to mean that Defendants are required to point to an individual law that invokes the Commerce Clause power and that the challenged provisions 'support[ ].' (ECF No. 21, PageID 178.) Defendants have no such burden.

Mem., ECF 27 at Page ID 222. The Necessary and Proper Clause only authorizes measures that are "necessary and proper for *carrying into Execution* [Congress's enumerated] Powers." Art. I, § 8, cl. 18 (emphasis added). Such measures must be "incidental to the [enumerated] power" and "derivative of, and in service to, a granted power." *NFIB*, 567 U.S. at 559–60 (quotation marks omitted); *see also Raich*, 545 U.S. at 38 (Scalia, J., concurring) ("[T]he power to enact laws enabling effective regulation of interstate commerce can only be exercised in conjunction with congressional regulation of an

9

interstate market" and "extends only to those measures necessary to make the interstate regulation effective."). It absolutely is the government's "burden" to identify a congressional exercise of an enumerated power that an incidental measure is necessary to support. The federal government could not, for example, impose recordkeeping requirements relating to payroll taxes if it did not impose those payroll taxes in the first place.

The federal home-distilling prohibition cannot be "necessary and proper for carrying into execution" a congressional regulation of interstate commerce if no such regulation of interstate commerce exists. Defendants' utter failure to identify any regulation of interstate commerce supported by the federal home-distilling prohibition is dispositive. As the district court in *Hobby Distiller Association* explained, "[t]he government argues that Congress's authority to regulate at-home distilling is identical to prohibiting at-home cultivation of marijuana" in *Raich*, but defendant's argument "is simply wrong, because it skips the requirement that Congress must first have an established, comprehensive regulatory regime in place." 2024 WL 3357841, at *14. *Raich* accordingly is readily distinguishable and does not support defendants' position. If *Raich* supported defendants' position, it was wrongly decided and should be overruled.

Defendants argue that "the challenged provisions regulate distilling generally" and "distilling is a class of activities within the reach of federal power." Mem., ECF 27 at Page ID 221 (quotation marks omitted). But the pertinent "class of activities" here is not "distilling generally," but home distilling small quantities of alcohol for personal consumption. *See Raich*, 545 U.S. at 32 (considering "the intrastate, noncommercial cultivation, possession and use of marijuana" as the pertinent "class of activities"). In any event, "distilling generally" does *not* fall within Congress's Commerce Clause authority; only the interstate "trade and transportation" of distilled spirits does. *See Rife*, 33 F.4th at 842. Absolutely nothing about the "multi-billion-dollar" distilled spirits industry (Mem., ECF 27 at Page ID 222) absolves defendants of the simple task of identifying at least one regulation of interstate commerce in distilled spirits that the federal home-distilling prohibition is necessary to support.

Defendants do not dispute that, if their theory is accepted, Congress could prohibit activities like home employment and home cooking because such prohibitions would be "reasonable limitations

10

on the locations where such [activities] may occur" in light of Congress's "broader regulation" of employment and food products. Mem., ECF 27 at Page ID 223. Instead, defendants' position basically boils down to "trust us, we're the government." *See id.* ("That the challenged premises restrictions have existed for over a century and a half without Plaintiff's parade of horribles coming to pass is evidence that Plaintiff's is not a well-founded fear."). It is no answer that the federal government should just be trusted to not abuse defendants' asserted unlimited authority. "The Constitution is *written* to prevent societal amnesia of the defined limits it places on this government *of and by* the people." *Hobby Distillers Ass'n*, 2024 WL 3357841, at *18 (emphasis original). In other words, we have a written Constitution precisely because we *don't* trust the federal government with unlimited authority.

Congress's enumerated powers must have "judicially enforceable outer limits," *Morrison*, 529 U.S. at 610, and "[t]he Government's theory would erode those limits," *NFIB*, 567 U.S. at 554. Where, as here, Congress has exceeded those limits, it is the province and duty of the judiciary to "declare when its coequal branches overstep their Constitutional authority." *Hobby Distillers Ass'n*, 2024 WL 3357841, at *18.

## CONCLUSION

For the foregoing reasons, the Court should grant Mr. Ream's cross-motion for summary judgment.

11

| | |
|---|---|
| Dated: August 28, 2024 | Respectfully submitted, |
| | /s/ Patrick T. Lewis |
| ROBERT ALT (#0091753) | PATRICK T. LEWIS (#0078314) |
| The Buckeye Institute | *Trial Attorney* |
| 88 East Broad Street, Suite 1300 | BAKER & HOSTETLER LLP |
| Columbus, OH 43215 | 127 Public Square, Suite 2000 |
| (614) 224-4422 | Cleveland, OH 44114 |
| robert@buckeyeinstitute.org | (216) 861-7096 |
| | plewis@bakerlaw.com |
| | |
| | ANDREW M. GROSSMAN* |
| | DAVID B. RIVKIN, JR.* |
| | KRISTIN SHAPIRO* |
| | BAKER & HOSTETLER LLP |
| | 1050 Connecticut Ave., N.W., Suite 1100 |
| | Washington, D.C. 20036 |
| | (202) 861-1697 |
| | agrossman@bakerlaw.com |
| | |
| | * admitted pro vac vice |
| | |
| | *Attorneys for John Ream* |

12

**CERTIFICATE OF SERVICE**

I certify that on August 28, 2024, the foregoing was filed on the Court's electronic filing system. The Court's filing system will serve notice of the filing to all counsel of record. Parties may access the filing on the Court's system.

/s/ *Patrick T. Lewis*
PATRICK T. LEWIS